UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HOMES & LOANS, INC., a
California corporation; and
LINDA PRICE, an individual,

           NO. CIV. S 05-1117 MCE PAN

    Plaintiffs,

  v.                           <u>ORDER</u>

THOMAS ANTHONY WIMBERLY, an
individual; RON JONES dba
NORTHERN CALIFORNIA HOMES &
LOANS, an individual, and DOES
1 through 25, inclusive,

    Defendants.

----oo0oo----

On June 6, 2005, Plaintiffs filed a complaint in this matter alleging trade name infringement in violation of 15 U.S.C. § 1125(a). Ten additional pendent state claims have also been asserted. Concurrently with the filing of their complaint, Plaintiffs also submitted an Ex Parte Application for Temporary Restraining Order. The Court has read and considered that application.

///

1

1    Plaintiffs' Ex Parte Application is DENIED, without
2 prejudice.
3    Counsel are directed to the provisions of Local Rule 65-231,
4 which governs the issuance of a temporary restraining order.
5 Subsection (a) states clearly that "[e]xcept in the most
6 extraordinary of circumstance, no temporary restraining order
7 shall be granted in the absence of actual notice to the affected
8 party and/or counsel, by telephone or other means, or a
9 sufficient showing of efforts made to provide notice."
10    Rule 65-231(a) provides further that the requisite notice
11 must include, *inter alia*, "the nature of the relief to be
12 requested."  Moreover, subdivision (c) of the Rule goes on to
13 provide that certain documents must be provided to not only the
14 court but also to the parties, including both the complaint, the
15 Motion for temporary restraining order, and the supporting brief
16 and affidavits.
17    Here, counsel for Plaintiffs have attached a letter sent to
18 counsel for Defendant Wimberly and to Defendant Jones dated June
19 3, 2005.  (Decl. Of James P. Chandler, Ex. 2).  While that letter
20 sets forth Plaintiffs' intent to seek a temporary restraining
21 order, it does not otherwise elucidate the precise nature of the
22 relief to be requested, as required by Local Rule 65-231(a).  In
23 addition, the letter states plainly that "Plaintiffs' complaint
24 and moving papers will be provided at the time of the hearing."
25 Counsel have not demonstrated any good cause (not to mention
26 "extraordinary circumstances") why these documents were not
27 provided to Defendants in accordance with Rule 65-231(c).
28 ///

1    In addition, Counsel for Plaintiffs have further failed to
2 provide (1) a proposed temporary restraining order with a
3 provision for a bond; and (2) a proposed order with blanks for
4 fixing the time and date for hearing a motion for preliminary
5 injunction, the date for the filing of responsive papers, the
6 amount of the bond if any, and the date and hour of issuance.
7 *See* Local Rule 65-231(c)(6) and (7).
8    Plaintiffs may resubmit their Application after rectifying
9 these deficiencies.
10    IT IS SO ORDERED.
11 DATED: June 7, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3