1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
                              ----oo0oo----
11

12  HOMES & LOANS, INC., a
    California corporation; and
13  LINDA PRICE, an individual,
                                        NO. CIV. S 05-1117 MCE PAN
14          Plaintiffs,

15      v.                              TEMPORARY RESTRAINING ORDER

16  THOMAS ANTHONY WIMBERLY, an
    individual; RON JONES dba
17  NORTHERN CALIFORNIA HOMES &
    LOANS, an individual, and DOES
18  1 through 25, inclusive,

19          Defendants.

20                            ----oo0oo----

21      On June 6, 2005, Plaintiffs Homes & Loans, Inc, a California

22 corporation, and Linda Price, an individual (hereinafter

23 "Plaintiffs"), filed a Complaint for Injunctive Relief and

24 Damages in this matter along with an Ex Parte Application for

25 Temporary Restraining Order and Order to Show Cause re:

26 Preliminary Injunction.  Declarations from James P. Chandler and

27 Linda L. Price were submitted in support of that application.  On

28 June 8, 2005, the Court denied Plaintiffs' Application without

1

prejudice on grounds that the proffered materials failed to comply with Local Rule 65-231(c) and further failed to demonstrate that the notice required by Local Rule 65-231(a) was provided to Defendants Thomas Anthony Wimberly and Ron Jones dba Northern California Homes & Loans ("Defendants").  Plaintiffs thereafter rectified those deficiencies which included providing Defendants with the requisite notice later that same day, June 8, 2005.  Consequently the Court heard Plaintiffs' Application on June 9, 2005.  Donald M. Wanland Jr. appeared on behalf of Plaintiffs; Defendants were represented by Robert P. Biegler.

    Having considered the documents submitted, and after hearing argument from counsel, the Court finds that Plaintiffs have demonstrated a substantial threat of irreparable injury from the various acts of unlawful competition alleged to have been committed by Defendants.  The Court further finds that legal remedies may be inadequate to redress such injury, and that Plaintiffs have demonstrated a likelihood of success on the merits.  Finally, the Court also determines that any potential damage to Defendants is outweighed by the threatened injury to Plaintiffs, and that the granting of temporary injunctive relief at this juncture will not disserve the public interest.  Plaintiffs' Application for Temporary Restraining Order is therefore GRANTED.  It is hereby ORDERED:

    A.  A temporary restraining order shall be issued immediately.  Defendants, and those acting for them with knowledge of this Order, are enjoined and restrained, directly or indirectly, whether acting alone or in concert with others, as

follows:

    1. Defendants shall not do business under the fictitious business name of "Northern California Homes & Loans" or any similar or derivative fictitious name;

    2. Defendants shall not represent themselves as being employed by, or otherwise representing, "Homes & Loans," "Northern California Homes & Loans," or any similar or derivative business name to any clients, potential clients, or the general public;

    3. Defendants shall not post any signs at their place or places of business, or anywhere else, advertising the fictitious business "Homes & Loans," "Northern California Homes & Loans," or any similar or derivative business name;

    4. Defendants shall not use any of Plaintiffs' trade secret information for any reason whatsoever;

    5. Defendants shall not contact, directly or indirectly, and potential clients or referrals identified through use of Plaintiffs' client list; and

    6. Defendants shall not begin or complete any real estate transactions in which they have previously represented themselves as employees of "Homes & Loans," "Northern California Homes & Loans," or any similar business name.

B.  This order shall remain in full force and effect pending further order of this Court. A hearing on Plaintiffs' request for a preliminary injunction is scheduled for Friday, June 17, 2005 at 4:00 p.m. Any further papers in support of that request

///

1  shall be filed by Plaintiffs not later than Monday, June 13,
2  2005.  Opposition, if any, is due June 15, 2005.
3       C.   Plaintiffs shall post a bond in the amount of $5,000,
4  which must be posted not later than 4:00 p.m. on Friday, June 10,
5  2005.  This Order shall take effect on Plaintiffs' posting of
6  that bond.
7       IT IS SO ORDERED this 9th day of June, 2005 at 4:00 P.M.

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE